[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above-named plaintiff has filed a motion seeking to disqualify Judge Samuel Sferrazza from presiding over the above cited case claiming that the Judge "has repeatedly not been impartial in this case." The motion has been referred to the undersigned for review. CT Page 9774
After examining the plaintiffs affidavit in support of his motion to disqualify Judge Sferrazza, this court has concluded that the essence of the plaintiffs claims concerning judicial impartiality relates to the facts that the trial court denied his motion for a postponement of his trial and non-suited him when he failed to appear to pre-mark exhibits at the beginning of the trial. He also suggests that, in entering its orders, the court did not consider his medical complaints.
Even accepting these facts and allegations as true, the court finds that they are not sufficient to trigger an evidentiary hearing into the judge's impartiality in this case. There are no facts alleged in the plaintiffs affidavit that would suggest that Judge Sferrazza's decisions were in any way based upon any extrajudicial knowledge of or interest in the case. "The alleged bias and prejudice, to be disqualifying, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." State v. Montini, 52 Conn. App. 682, 696 (1999).
Furthermore, the facts alleged by the plaintiff in his affidavit, do not reasonably support a claim that the judge showed any bias or prejudice for or against any party, or that he expressed an opinion as to the merits of the case. The fact that a judge rules against a party is not evidence of bias or prejudice.
A thorough review of plaintiffs affidavit reveals no claim of judicial conduct "`so obvious that it affect[ed] the fairness and integrity of and public confidence in the judicial proceedings' [which]. . . `result[ed] in unreliable verdict or a miscarriage of justice.' (Internal citations omitted) Barca v. Barca, 15 Conn. App. 604, 606 (1988). Accordingly, the motion is denied.
 ____________________ J. Terence A. Sullivan Superior Court Judge